**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Soon Oh KWON, Defendant—**
**Appellant.**

No. 03–17185.
D.C. No. CV–03–00029–ARM.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 10, 2005.

Gregory Baka, Jamie D. Bowers, Office of the U.S. Attorney, Saipan, MP, for Plaintiff–Appellee.

Soon Oh Kwon, Taft, CA, pro se.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

352

MEMORANDUM**

Soon Oh Kwon appeals the district court's order denying his 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Kwon contends that his guilty plea was not knowing and voluntary because his counsel provided ineffective assistance because counsel pressured him to plead guilty by telling him that it would be better for his family and that he would not prevail if he went to trial. Even if these allegations are true, such "pressure" does not constitute constitutionally deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 688–89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (noting that a defendant must show that counsel's conduct fell outside the wide range of reasonable conduct in order to be considered constitutionally deficient).

Kwon also contends that he is entitled to an evidentiary hearing on his ineffective assistance of counsel claim. We review the district court's denial of an evidentiary hearing for abuse of discretion, and find none. *See United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir.2003). Because Kwon has failed to allege any specific factual allegations that, if true, state a claim on which relief could be granted, the district court did not abuse its discretion by failing to conduct an evidentiary hearing. *Id.*

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.